# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE DIET DRUGS (Phentermine/ Fenfluramine/ Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | § § § § § § | MDL DOCKET NO. 1203 |

**THIS DOCUMENT RELATES TO:**

| | | |
|---|---|---|
| ACQUISTAPACE, JACQUELINE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20254-HB |
| ALCARAZ, GWENDOLYN GAY v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20443-HB |
| ALEXANDER, DOROTHY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20479-HB |
| ALLEN, ANNA M. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20447-HB |
| ALLEN, CAROLYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21060-HB |
| ALLISON, DOROTHY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21146-HB |
| ALLOSSO, ANN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21063-HB |
| ANDERSON, MARIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21385-HB |
| ANDERSON, PAMELA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20882-HB |
| ARB, BEVERLY L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20456-HB |
| ARGUMANIZ, ELIAS v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20444-HB |
| ARNETT, LINDA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20448-HB |
| AUIPPA, ELIZABETH ANN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21122-HB |
| BACKES, NAOMI v. WYETH, el al. | § § | E.D.-Pa. 2:04-CV-20477-HB |
| BAILEY, LINDA S. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20478-HB |
| BAKER, MITZI v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20875-HB |
| BALDWIN, PATRICIA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21062-HB |

| | | |
|---|---|---|
| BALL, SUZANNE JANICE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21115-HB |
| BANKSTON, STEPHANIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21068-HB |
| BANUELOS, CYNTHIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21148-HB |
| BARKER, MISSY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20889-HB |
| BARNETT, CHERYL YVONNE v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20460-HB |
| BARNETT, MAGNA C. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20904-HB |
| BARTLETT, BARBARA S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21139-HB |
| BASS, DELORES v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20273-HB |
| BELL, CYNTHIA E. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20255-HB |
| BELL, GWENDOLYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20446-HB |
| BELL, LINDA S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-23163-HB |
| BENNETT, DARLA JO v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20523-HB |
| BENTON, DEE LYNN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20445-HB |
| BERTUCCI, FRANK N. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21118-HB |
| BISHOP, PATRICIA SUE v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20462-HB |
| BLAIR, IDA JAN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20906-HB |
| BOONE, MARY JOLENE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21117-HB |
| BOREN, BETTY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21140-HB |
| BOX, KATHY M. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20443-HB |
| BRACKEEN, DANA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20449-HB |
| BRADSHAW, STEPHANIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20243-HB |
| BRANTLEY, BARBARA JEAN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21050-HB |
| BRATTON, LANA M. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20905-HB |

| | | |
|---|---|---|
| BREAZEALE, WILMA S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20245-HB |
| BREEDING, JANET v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20238-HB |
| BREWSTER, BRENDA MAE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21135-HB |
| BROOKS, SUSAN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20790-HB |
| BROWN, AUTREY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20247-HB |
| BROWN, JULIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21037-HB |
| BROWN, LYLE A., III v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20450-HB |
| BROWNING, LINDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21099-HB |
| BROWNLEE, ERLENNE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20838-HB |
| BRUCE, SHERRY J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20943-HB |
| BUCHANAN, HENRY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20256-HB |
| BUCHORN, PEGGY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20269-HB |
| BUGGS, MALINDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20234-HB |
| BULIAN, KAREN S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20940-HB |
| BURDA, ANA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21350-HB |
| BURGESS, LINDELL R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20244-HB |
| BURMAN, NORMA J. v WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20470-HB |
| BURNETT, GLORIA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20473-HB |
| BURNS, CAROLINE E. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20840-HB |
| BURRIS, ANITA D. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21007-HB |
| BUTLER, HELEN R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21349-HB |
| BYRD, GERALD R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21125-HB |
| BYRD, PAULA KAREN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20314-HB |

| | | |
|---|---|---|
| CALDWELL, DEBRA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21382-HB |
| CALHOUN, SHIRLEY S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20925-HB |
| CAMPBELL, JENNIFER v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20864-HB |
| CANNOLES, MARLENE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21399-HB |
| CAPPELLETTI, MARY ANN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20274-HB |
| CARMONA, CAROLYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20549-HB |
| CASSELBERRY, CHARLOTTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20933-HB |
| CHAPMAN, TOM v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20948-HB |
| CHIAROLANZA, BARBARA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21075-HB |
| CHILCUTT, DAN M. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20449-HB |
| CHILDS, LACITA J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21056-HB |
| CHRANE, STEVE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21143-HB |
| COCKROFT, CASSANDRA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20952-HB |
| COFFEY, DEBORAH v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20260-HB |
| COLEMAN, JANICE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20548-HB |
| COOK, JERRY LEONA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20239-HB |
| COOKE, ELLEN E. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20928-HB |
| CORBIN, BEVERLY S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20926-HB |
| COTTON, YVETTE M. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21371-HB |
| COUTORIE, KATHLEEN P. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20800-HB |
| CRAFT, DIANE L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20865-HB |
| CROZIER, NORA J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20871-HB |
| CULP, RHONDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-26214-HB |

| | | |
|---|---|---|
| DALTON, CARMEN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20939-HB |
| DANIELS, REBECCA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21373-HB |
| DARTHARD, CASSANDRA LENE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20268-HB |
| DEASY, PATRICIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20814-HB |
| DEBERRY-POLK, TONI v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20451-HB |
| DEDUSHAJ, SANDY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20826-HB |
| DERVIN, MELONY v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20480-HB |
| DETTLING, DORIS v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20453-HB |
| DEVASIER, SUMAN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20798-HB |
| DEWOODY, DANA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20854-HB |
| DIESI, KELLI v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20253-HB |
| DIVIN, GIGI v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20406-HB |
| DOTSON, REVENDER v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21147-HB |
| DOYLE, LINDA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20608-HB |
| DROEGE, CAROLYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20815-HB |
| DRYER, JOSEPH O. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21110-HB |
| DUNN, SANDRA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20478-HB |
| DUNN, ZOLA MAY v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20605-HB |
| EARTHLY, MARILYN J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21102-HB |
| ECKLER, PATRICIA A. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21137-HB |
| ELMORE, SARA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21127-HB |
| ENCINA, ORALIA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20448-HB |
| EVANS, MARCI v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20845-HB |

| | § | |
|---|---|---|
| FARVE, KAREN v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21104-HB |
| FEISTEL, PEGGY ANN v. WYETH, et al. | § | E.D.-Pa. 2:03-CV-20447-HB |
| FIELDS, DONA v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21105-HB |
| FITZGERALD, SUSAN v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20918-HB |
| FRANCIS, JEFFREY C. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20481-HB |
| FRANKLIN, JEAN v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20804-HB |
| FRANKLIN, MARILYN v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21009-HB |
| FREGIA, CLINTON F. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21388-HB |
| FRYE, LANELLE v. WYETH, et al. | § | E.D.-Pa. 2:03-CV-20472-HB |
| GARCIA, CAIRE v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21346-HB |
| GARCIA, STELLA v. WYETH, et al. | § | E.D.-Pa. 2:03-CV-20475-HB |
| GARCIA-SINSON, CAROLYN v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20931-HB |
| GARISON, MARY D. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20805-HB |
| GERMANY, LYNNE v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20775-HB |
| GIBSON, SUSETT NORVELLA v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21149-HB |
| GIFFORD, SUZANNE S. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20861-HB |
| GILLEY, GLEN RAY v. WYETH, et al. | § | E.D.-Pa. 2:03-CV-20595-HB |
| GLAUDE, LINDA M. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20819-HB |
| GOETZ, ELIZABETH v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20859-HB |
| GONZALES, YOLANDA B. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-21343-HB |
| GRAHAM, DEBBIE v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20562-HB |
| GRAY, RAMONA v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20910-HB |
| GRECO, JOHN v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20911-HB |

| | | |
|---|---|---|
| GREEN, HAROLD L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20410-HB |
| GREEN, LUPE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-26215-HB |
| GUERRERO, ROSARIO v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20452-HB |
| GULLEY, JOYCE M. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20606-HB |
| GUTIERREZ, PHYLLIS L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20450-HB |
| HAFEZ, CHERYL v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20869-HB |
| HAMMERS, JONI v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20937-HB |
| HARRIS, ANN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21064-HB |
| HARRIS, PHYLLIS L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21390-HB |
| HARVEY, DANNA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20835-HB |
| HARVIE, EILEEN v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20522-HB |
| HAWKINS, BARBARA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20792-HB |
| HAYES, JULIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20822-HB |
| HEAD, VICTOR P. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20275-HB |
| HEIDEMANN, CARRIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21053-HB |
| HENCKE, AMANDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20919-HB |
| HENLEY, IDA ROSE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20877-HB |
| HENRY, KORENA JANICE v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20529-HB |
| HERNANDEZ, MARY LOU v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20530-HB |
| HERNANDEZ, RUBEN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21133-HB |
| HERRING, AUDRA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20891-HB |
| HINOJOSA, DIANA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20464-HB |
| HINOJOSA, DOLORES V. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20512-HB |

| | | |
|---|---|---|
| HINOJOSA, FREDDY v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20442-HB |
| HITT, M. DIANE v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20820-HB |
| HODGES, GEORGANNE v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-21144-HB |
| HOLLE, SHIRLEY KAY v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-21051-HB |
| HORNE, SANDRA v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20808-HB |
| HORTON, VICKI v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20862-HB |
| HOUSTON, LAURA JEAN v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20407-HB |
| HOWARD, PATSY R. v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20262-HB |
| HOWELL, SALLY A. v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20455-HB |
| HUENERBERG, PEGGY v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20924-HB |
| HUNT, PAULA J.v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20401-HB |
| HURT, NANCY v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20477-HB |
| HUTCHENS, MARY v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20827-HB |
| HUTCHINSON, ROSIE L. v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20873-HB |
| HUTH, SIGRID E. v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20409-HB |
| IANNACONE, GAIL v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20414-HB |
| INGRAM, PHYLLIS v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20868-HB |
| ISBELL, EARLEEN v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20898-HB |
| ISHIKAWA, TIRA v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20921-HB |
| IVY, JUDY v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20511-HB |
| JACKSON, CAROL v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:03-CV-20404-HB |
| JACKSON, FRANCES T. v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-21049-HB |
| JACKSON, TERRI v. WYETH, et al. | §<br>§ | E.D.-Pa. 2:04-CV-20886-HB |

| | § | |
|---|---|---|
| JENKINS, BRENDA B. v. WYETH, et al. | § | E.D.-Pa. 2:04-CV-20821-HB |
| JENSEN, BOBBIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20604-HB |
| JINKINS, DOROTHY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20250-HB |
| JOHNSON, ALICE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20916-HB |
| JOHNSON, CARMEN R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20908-HB |
| JOHNSON, CAROL LYNN B. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20457-HB |
| JOHNSON, LYNDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20895-HB |
| JOHNSON, RENNA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20917-HB |
| JOHNSON, ROBERT v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21379-HB |
| JOHNSON, SARA A. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20463-HB |
| JOHNSON, VICKIE L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20813-HB |
| JOINER, JANE v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20598-HB |
| JONES, LANCE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20896-HB |
| JONES, MARY ANN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21378-HB |
| JORDAN, JUDY ANN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21131-HB |
| KAY, DEBRA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20870-HB |
| KEELING, SHERYL D. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20399-HB |
| KILNAR, JULIUS v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20927-HB |
| KING, ROBBIE D. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20745-HB |
| KING, SHERYL v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21130-HB |
| KNOLLEY, KAREN B. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20354-HB |
| KNOWLTON, MARILYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20894-HB |
| KNOX, JOHN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20884-HB |

| | | |
|---|---|---|
| LAGWAY, EDDIE R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20624-HB |
| LANE, CHERYL v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21132-HB |
| LANE, KING v. WYETH, et al. | § | E.D.-Pa. 2:03-CV-20397-HB |
| LAW, KATHERINE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20266-HB |
| LENNON, EVELYN L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21136-HB |
| LESLIE, ROZENA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20901-HB |
| LESSING, JOYCE A. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20520-HB |
| LEXIE, ANNIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20318-HB |
| LINDERMAN, GAYLE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21389-HB |
| LINDSEY, LINDA G. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21374-HB |
| LONG, HALMA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20379-HB |
| LOVE, JOYCE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20912-HB |
| LOVELADY, JOYCE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20842-HB |
| MAGNUSON, DORIS v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20860-HB |
| MANNING, BARBARA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20249-HB |
| MARTIN, DIANNE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20510-HB |
| MATHEWS, BRUCE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20246-HB |
| MATHEWS, GLYNIS v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20263-HB |
| MAYFIELD, BETTY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20824-HB |
| MAYHEW, MARIA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20607-HB |
| MCCABE, KATHERINE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20879-HB |
| MCCLELLAND, WANDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20378-HB |
| MCCLELLON, LENETTA I. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20597-HB |

| | | |
|---|---|---|
| MCDANIEL, DALE v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20471-HB |
| MCDUFF, CAROLYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20486-HB |
| MCGEE, CYNTHIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20872-HB |
| MCGREW, RONDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20839-HB |
| MCINNIS, MELISSA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20841-HB |
| MCKINNEY, DEBRA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21391-HB |
| MCMURRIN, JEANNINE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20240-HB |
| MENCHACA-VOTION, DORA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20438-HB |
| MENIER-WEBB, LYNDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20317-HB |
| METOYER-ROGUE, CLAIR v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20290-HB |
| MEYER, ELIZABETH J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20791-HB |
| MICKEL, GARY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20909-HB |
| MICKISH, MARGARET W. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20445-HB |
| MICULKA, SANDRA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21383-HB |
| MILES, KAREN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20485-HB |
| MINTON, K. JOYCE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20811-HB |
| MITCHELL, BETTY v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20454-HB |
| MOLTER, ELEANOR J. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20510-HB |
| MONKRES, CLINT v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20853-HB |
| MOON-WILY, PATRICIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20563-HB |
| MORELLA, LOUIS v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20350-HB |
| MORGAN, KAY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21616-HB |
| MORGAN, SHELLY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20482-HB |

| | | |
|---|---|---|
| MORRIS, PATRICIA A. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20474-HB |
| MUNOZ, JOE A. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20794-HB |
| MUSE, PATSY W. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20902-HB |
| NEATHERY, BONNIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20874-HB |
| NELSON, ROBIN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20858-HB |
| NICHOLLS, TANZEE LEE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20235-HB |
| NIEDERHOFER, MAMIE v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20391-HB |
| NIETO, STELLA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21594-HB |
| NOE, DOROTHY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20881-HB |
| NOLTE, PATRICIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21372-HB |
| OLDHAM, KATHRYN S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20852-HB |
| OREM, BARBARA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20241-HB |
| ORNELAS, JOYCE L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20508-HB |
| PARDUE, VIRGIE R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20863-HB |
| PATE, LUCY G. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20258-HB |
| PAWLIK, BEVERLY L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20461-HB |
| PAYNE-TAYLOR, STEPHANIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20878-HB |
| PENA, DIANE S. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20476-HB |
| PEOPLES, CONSTANCE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20888-HB |
| PETERS, DEBORAH S. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20468-HB |
| PHILEN, MELBA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20380-HB |
| PHILPOT, PATRICIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20849-HB |
| PICKETT, VIRGINIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20270-HB |

| | | |
|---|---|---|
| PINKLEY, MARY H. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21593-HB |
| PIPES, KATIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20257-HB |
| PIXLEY, PAMELA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21145-HB |
| POOL, KATHRYN E. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20915-HB |
| POTHIER, CONSTANCE L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20801-HB |
| PRENDERGAST, MARY LOU v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20458-HB |
| PRITCHETT, LINDA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20880-HB |
| PROCTOR, THOMAS v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21074-HB |
| RAMOS, RACHEL v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20844-HB |
| RANDALL, BRENDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21138-HB |
| RANDLE, DELORES v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20807-HB |
| REEVES, KRISTY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20312-HB |
| RHODES, EVELYNA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20315-HB |
| RHODES, SYLVIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20311-HB |
| RICHARD, JEANETTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20316-HB |
| RICHARDSON, PAULETTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20834-HB |
| RIGBY, SHARON v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20803-HB |
| RILEY, MARSHA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20843-HB |
| RILEY, SUSAN R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20938-HB |
| RIOJAS, SYLVIA J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20903-HB |
| RIVERA, ANGELINA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20932-HB |
| RIVERA, EVELYN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20252-HB |
| ROBBERSON, ANNETTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20893-HB |

| | | |
|---|---|---|
| ROBINSON, ELLEN J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20802-HB |
| ROCKWELL, EDNA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20828-HB |
| RODRIGUEZ, MARGARET v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20439-HB |
| RODRIGUEZ, MARIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20251-HB |
| ROGERS, BEVERLY A. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20809-HB |
| ROGERS, MARGARET v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21392-HB |
| ROGERS, NANCY KAY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20890-HB |
| ROLLINGS, DEANNA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20467-HB |
| ROMANOWSKI, ARLENE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20455-HB |
| ROMERO, GLORIA V. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20530-HB |
| ROSENER, LANA G. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21065-HB |
| RUSSELL, ERMA D. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21058-HB |
| RUTLAND, DEBRA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20444-HB |
| SALAZAR, GLORIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20313-HB |
| SAMPLEY, GAIL v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20355-HB |
| SAMZ, PHYLLIS N. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21341-HB |
| SARPY, DONNA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20797-HB |
| SCHATZ, CYNTHIA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20469-HB |
| SCHLEUSE, DAMON v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20887-HB |
| SEIFERT, JANICE A. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20914-HB |
| SHAW, DARLENE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20829-HB |
| SHEARS, ALBERTA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20900-HB |
| SIMPSON, WANDA S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20452-HB |

| | | |
|---|---|---|
| SIMS, DANA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20920-HB |
| SMITH, DENETRA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21150-HB |
| SMITH, LELA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21128-HB |
| SMITH, RUDOLPH v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20440-HB |
| SOLER, RUTH v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20810-HB |
| SOTELLO, WANDA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20465-HB |
| SPENCER, CAROLYN A. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20855-HB |
| SPIKES, MARY L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21376-HB |
| SPURLOCK, BRIDGETTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20876-HB |
| ST. JOHN, TRACY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20454-HB |
| STEPHENS, BARBARA JEAN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20846-HB |
| STULL, PAULA R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20816-HB |
| TALERCIO, CHERYL K. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20432-HB |
| TAYLOR, BETTY JANE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20897-HB |
| TETTS, JENNIFER v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20833-HB |
| THIBODEAUX, JANIS C. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20552-HB |
| THOLEN, KEVIN D. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20812-HB |
| THOMPSON, ANGELITA NAVA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20481-HB |
| THOMPSON, CHARLOTTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20453-HB |
| TIPTON, TRISHA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20907-HB |
| TITUS, GWEN v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20352-HB |
| TOMLIN, HYRICE B. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20883-HB |
| TOMPKINS, MARY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21069-HB |

| | | |
|---|---|---|
| TONEY, DAVID v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21142-HB |
| TOWNLEY, DEBBIE K. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21077-HB |
| TOWNSEND, TRACY L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20441-HB |
| TREADWAY, VIRGINIA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20837-HB |
| TRIVETT, MARTI v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20851-HB |
| TRYON, SANDRA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21079-HB |
| TUTTLE, DARLEEN A. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20806-HB |
| VEGA, LADONNA RICHELLE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20836-HB |
| WALES, BELINDA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20913-HB |
| WALKER, JONNIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20857-HB |
| WALLACE, MARY KAY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20265-HB |
| WALSTON, LINDA v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20459-HB |
| WALTERS, BRENDA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20480-HB |
| WARD, LINDA R. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20847-HB |
| WASHINGTON, ROBYN Y. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20351-HB |
| WATSON, CARLA J. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20823-HB |
| WATTS, FRANCES v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20264-HB |
| WEINEL, CLARISSA JO v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20414-HB |
| WESTERMAN, JEANNETTE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20795-HB |
| WHITE, LASHANTA v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20885-HB |
| WHITE, SHARON v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20831-HB |
| WHITE-WARD, DEBRA KAY v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20825-HB |
| WILKINS, CELESTINE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20204-HB |

| | | |
|---|---|---|
| WILKS, JAN M. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20796-HB |
| WILLIAMS, DENISE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20248-HB |
| WILLIAMS, ERNESTINE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20830-HB |
| WILLIAMS, REGINALD v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20856-HB |
| WILLIS, JIMMIE S. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20353-HB |
| WOOD, DANA L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20848-HB |
| WOOD, DOLORES L. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20832-HB |
| WOODS, BILL v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21386-HB |
| WOODS, MARY K. v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-21141-HB |
| WREYFORD, FAY MINNIE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20799-HB |
| WYRICK, PATTI v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-20528-HB |
| YARBROUGH, GAYLE v. WYETH, et al. | § § | E.D.-Pa. 2:04-CV-20793-HB |
| YOUNG, LORETTA L. v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-21610-HB |
| ZAPALAC, MARY v. WYETH, et al. | § § | E.D.-Pa. 2:03-CV-21134-HB |

## WYETH'S CONSOLIDATED

## MOTION TO DISMISS

## FRAUDULENTLY JOINED DEFENDANTS

## TABLE OF CONTENTS

I.      INTRODUCTION                                                    p. 20

II.     SUMMARY OF ARGUMENT                                             p. 21

III.    FACTUAL BACKGROUND                                             p. 22

IV.     APPENDICES AND EXHIBITS TO THIS MEMORANDUM       p. 23

V.      ARGUMENT AND AUTHORITIES                                  p. 25

        A.     The Fraudulent Joinder Standard                         p. 25

        B.     Plaintiffs' Claims Against Their Physicians
               Are Time-Barred                                          p. 27

               1.     *The two-year statute of limitations began
                      to run at the latest in September 1997
                      and expired in September 1999*                   p. 27

               2.     *Plaintiffs cannot rely upon the
                      Open Courts provision*                            p. 28

                      a.     Plaintiffs are collaterally estopped
                             from asserting that their alleged injuries
                             are latent                                 p. 30

                      b.     Overwhelming publicity put Plaintiffs
                             on notice to see their doctors             p. 31

                      c.     Plaintiffs have presented no competent
                             evidence that it was impossible or
                             exceedingly difficult to discover their
                             injuries                                   p. 40

               3.     *Fraudulent concealment does not save Plaintiffs'
                      claims*                                           p. 41

        C.     Plaintiff Thibodeaux's Claims against the Pharmacy
               Defendants Are Also Barred as a Matter of Law           p. 43

               1.     *Plaintiff has pled no actionable facts against the
                      Pharmacy Defendant*                               p. 43

2.  *Furthermore, Texas law precludes claims against
    a pharmacy for properly filling a physician's
    prescription*                                           p. 46

3.  *Plaintiff's claims against the Pharmacy
    Defendant are barred by the statute of limitations*    p. 46

D.  Corporate employees Clayton Lacy and Frank Bedrick, as
    Well as the Sales Representative Defendants Are
    Fraudulently Joined                                      p. 47

    1.  *Corporate employees and sales
        representatives have already been dismissed in
        twelve of the cases under consideration.*           p. 48

    2.  *Plaintiffs have failed to state any actionable
        facts with respect to the corporate employee
        or sales representative defendants*                 p. 49

    3.  *Plaintiffs have not stated colorable claims
        against the corporate employee and sales
        representative defendants*                          p. 52

E.  The Phentermine Defendants Are Fraudulently Joined      p. 57

VI.   CONCLUSION                                             p. 58

## I.

## INTRODUCTION

All Plaintiffs in these three hundred and seventy-six (376) cases are represented by the same counsel, O'Quinn, Laminack & Pirtle. Each of these cases was filed in Texas state court by an alleged Texas citizen and removed by Wyeth to Texas federal court.

Plaintiffs' form state-court petitions assert essentially verbatim claims against Wyeth and combinations of three categories of defendants: (1) Plaintiffs' prescribing physicians; (2) corporate employees and drug sales representatives; and (3) phentermine manufacturers. (One plaintiff, Janis Thibodeaux, also named a Texas pharmacy as a defendant.) Wyeth filed a notice of removal in each case establishing the fraudulent joinder of Wyeth's co-defendants. There is no motion to remand on file in any of these cases. Plaintiffs' petitions and Wyeth's notices of removal (and even the exhibits thereto) are identical in material respects.

Wyeth submits this motion to dismiss the fraudulently joined defendants in consolidated form to simplify the Court's resolution of these cases. A consolidated motion is appropriate because the co-defendants are fraudulently joined generally for the same reasons: the doctors are fraudulently joined due to the statute of limitations; the corporate employees and drug sales representatives are fraudulently joined due to failure to state any actionable facts and the lack of any duty; and the phentermine defendants are fraudulently joined, as this Court has held many times before, because there is no scientific evidence that phentermine causes valvular heart disease.

## II.

## SUMMARY OF ARGUMENT

The only genuine dispute in these cases is between Plaintiffs and Wyeth. Plaintiffs' claims against their prescribing physicians are barred by the statute of limitations. In Texas, the statute of limitations on a tort claim against a doctor expires two years from the date of the last treatment. This limitations period can be extended only by showing that it was "impossible or exceedingly difficult" for the plaintiff to discover her injury within limitations — a more demanding standard than the discovery rule confronted by this Court in other diet-drug cases. Plaintiffs have no possibility of meeting this standard because their alleged injuries were not latent and the extensive local and national media attention concerning Wyeth's withdrawal of Pondimin and Redux from the market put Plaintiffs on inquiry notice. Because none of the Plaintiffs filed their claims against the doctors until May 2003, all of their claims are time-barred. Plaintiffs' claims are barred for the additional reason that they waited an unreasonable amount of time to file suit after receiving actual knowledge of their alleged injuries.

Plaintiff Thibodeaux's claims against the pharmacy are barred for several reasons as well. First, she has alleged no actionable facts with respect to the pharmacy. Second, case law bars claims against a pharmacy that merely filled a valid prescription. Third, these claims are also time-barred.

Plaintiffs have not stated any claims at all against the corporate employees and sales representatives, as their petitions allege no actionable facts with respect to these individuals. Even if Plaintiffs' claims alleged against "Defendants" generally implicated these individuals, they are not viable. Under Texas law, these individuals owed no

individual duty to warn because they were not the "sellers" or suppliers of the prescription drugs.

As for the phentermine defendants, they are also fraudulently joined. This Court repeatedly has found that there is no scientific evidence that phentermine causes heart-valve problems. Yet, Plaintiffs' counsel insists on continuing to name phentermine manufacturer defendants, no matter how clear this Court has been about the matter in *Sandra Anderson, et al. v. American Home Prods. Corp., et al.*, PTO 2567 (Aug. 13, 2002) and other cases, in an attempt to defeat Wyeth's right to a federal forum.

This Court should reject Plaintiffs' efforts to defeat federal jurisdiction and dismiss all fraudulently joined defendants (*i.e.*, all defendants other than Wyeth). The court has already done so, in the context of denying motions to remand, in at least 154 other cases based upon virtually identical pleadings. *See Abner v. Wyeth, et al.*, PTO No. 3746 (Jul. 21, 2004).

### III.

### FACTUAL BACKGROUND

Plaintiffs, all allegedly citizens of Texas, commenced these actions against Wyeth in or after May 2003 in Texas state district courts. Plaintiffs also named non-diverse defendants: their prescribing physicians (the "Physician Defendants"), Wyeth employees Clayton Lacy and Frank Bedrick, and numerous sales representatives of Wyeth or of a co-promoter, Interneuron (now known as Indevus), and in one of these cases, a Texas pharmacy. Plaintiffs also sued diverse defendants: a few sales representatives who were not citizens of Texas at the time they were sued as well as manufacturers of phentermine. Plaintiffs attempt to allege strict products liability (manufacturing, design, and marketing

theories), negligence, misrepresentation, fraud, civil conspiracy, breach of continuing duty to warn, and breach of express and implied warranties against Wyeth. Plaintiffs allege negligence against their physicians. Plaintiffs do not allege any claims specifically pertinent to the corporate employees, sales representatives, or the lone pharmacy defendant.

Wyeth timely removed these actions to their respective United States District Courts based on diversity of citizenship. Wyeth also filed motions to stay all proceedings pending transfer to MDL-1203. All of these cases were subsequently transferred to this Court from their respective Texas courts. In none of these cases have Plaintiffs responded by filing a motion to remand.

## IV.

### APPENDICES AND EXHIBITS TO THIS MEMORANDUM

In each of the three hundred and seventy-six (376) cases styled above, Wyeth has separately filed the specific documents relevant to the jurisdictional inquiry, including the Notice of Removal, Plaintiffs' original petitions, and any amended petitions.

For the Court's convenience, Wyeth submits with this Memorandum Appendix 1, a chart that summarizes, alphabetically by Plaintiff's last name, the reasons that the non-diverse or non-consenting diverse defendants are fraudulently joined. The chart also addresses miscellaneous issues that vary by individual case.

Wyeth also submits the following as Exhibits to this Memorandum, for the Court's convenience:

Exhibit A    Notice of Removal in *Cynthia Banuelos v. Wyeth, et al.,* MDL Cause No. 2:04-CV-21148-HB, which is a representative sample of the notices filed by Wyeth in the other cases;

Exhibits B Documentary evidence that was attached to all of Wyeth's notices of removal in these cases, including Houston, Dallas/Fort Worth, and San Antonio publicity evidence;

Exhibit C Docket Report in *Adele Giordano v. Wyeth, et al.*, Civil Action No. 03-CV-2211, S.D. Tex., Houston Division, removed on June 23, 2003;

Exhibit D File-stamped copy of Plaintiff's First Amended Petition in *Patty Lynnette Cooley v. Wyeth, et al.*, Cause No. 2003-28779, In the 190th Judicial District Court of Harris County, Texas, filed on June 26, 2003;

Exhibit E Plaintiffs' Seventh Amended Master Petition in Cause No. 98-33800, *In re Harris County Diet Drug Litigation*, in the District Courts of Harris County, Texas, the allegations in which are submitted as a representative sample of the allegations made in all Plaintiffs' cases;

Exhibits F Collected Texas Opinions on Fraudulent Joinder of Physicians;

Exhibit G List of Cases in Which Non-Diverse Physicians Named and Remand Denied;

Exhibit H Plaintiffs' Second Amended Master Petition in Cause No. 141-333333-98, *In re Tarrant County Diet Drug Litigation*, in the 17th District Court of Tarrant County, Texas, the allegations in which are submitted as a representative sample of the allegations made in all Plaintiffs' cases;

Exhibit I Collected Declarations of and regarding Individual Sales Representatives;

Exhibits J Collected Texas Opinions on Fraudulent Joinder of Sales Representatives;

Exhibit K List of Cases in Which Individual Company Employees Named and Remand Denied;

Exhibit L List of Cases in Which Individual Company Employees Dismissed;

Exhibit M List of Cases in Which Clayton Lacy and Frank Bedrick Dismissed by Court *Sua Sponte*;

Exhibit N        FDA July 8, 1997 Public Health Advisory;

Exhibit O        July 8, 1997 Email from LaRoux Jooste;

Exhibit P        July 24, 1997 Letter from Wyeth to Physicians; and

Exhibit Q        July 24, 1997 Email from Bruce Reid and Voicemail
                 Script.

## V.

## ARGUMENT AND AUTHORITIES

### A.    The Fraudulent Joinder Standard.

Plaintiffs' counsel has argued in other diet drug cases that plaintiffs must do nothing more than show a mere possibility of recovery in order to establish that they have not fraudulently joined the non-diverse defendants. They have argued that Wyeth must show, conversely, that there is "no possibility" of recovery in order to prevail. This is not the law in the Third Circuit, which now applies to this case. (It is not the law even in the Fifth Circuit.) In the Third Circuit, joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3rd Cir. 1985)); PTO 2567, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002). Colorable, for this purpose, means not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3rd Cir. 1992). In making these determinations, this Court is authorized to look beyond the pleadings. *See, e.g., Boyer*, 913 F.2d at 112. As this Court recently explained in denying remand in another diet drug case:

> [I]f the plaintiff contests a defendant's assertion that joinder of another
> defendant was a sham to defeat removal, the District Court must determine
> the facts from the evidence. We are not to decide automatically in favor
> of remand simply because some facts may be said to be in dispute.

PTO 2567, 220 F. Supp. 2d at 420 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921)).

Applying this test, a defendant is fraudulently joined where the claim against the defendant is barred by the applicable statute of limitations. *See, e.g.*, *Rainey* (PTO 2886), at 10 (June 12, 2003) (holding that physician was fraudulently joined where plaintiff's claims were barred by Alabama two-year statute of limitations); *Ferrell* (PTO 2996), at 19 (Sept. 5, 2003) (same). Similarly, a defendant is fraudulently joined where the complaint fails to state any actionable facts against the defendant. *E.g.*, *Anderson* (PTO 2567), at 18 (Aug. 13, 2002) (holding defendant pharmacies fraudulently joined where complaints were "devoid of specific allegations" and "filled with general statements levied against all defendants, which most properly [could] be read as stating claims against the drug manufacturers."); *Wakefield* (PTO 2687), at 11 (Dec. 17, 2002) (sales representatives held fraudulently joined where petition was "devoid of any allegation that [the defendants] had any involvement with the decedent or [the defendant doctor]"); *Weaver* (PTO 2946), at 17–18 (July 30, 2003) (holding sales representatives fraudulently joined where petition lacked sufficient factual allegations to state colorable claim).

**B.    Plaintiffs' Claims Against Their Physicians Are Time-Barred.**

1.    *The two-year statute of limitations began to run at the latest in September 1997 and expired in September 1999.*

In cases in which claims are pending against Physician Defendants,[1] those defendants are fraudulently joined.   Under Texas law, a cause of action for personal injury against a health care provider must be brought within two years after the date of the alleged wrongful act or breach of duty:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed *within two years* from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or hospitalization for which the claim is made is completed.

TEX. REV. CIV. STAT. ANN. ART. 4590i § 10.01 (emphasis added).   Where a plaintiff claims that a drug prescribed by her physician caused harm, limitations on her malpractice claim against the physician begins to run on the date of the last drug treatment, and ends two years later. *Rowntree v. Hunsucker*, 833 S.W.2d 103, 105 (Tex. 1992).   The diet drugs were withdrawn from the market in September 1997.[2] Limitations accordingly began to run on each Plaintiff's claim, at the latest, in September 1997 and expired, at the latest, in September 1999, almost four years before Plaintiffs filed suit in or after May 2003.

---

[1] Physician Defendants are named in only 324 of the cases at issue here.  Physician Defendants have already been dismissed from three of those. *See Janice Coleman v. Wyeth*, PTO 3986 (Sept. 27, 2004); *Yvette M. Cotton v. Wyeth*, PTO 3866 (Aug. 17, 2004); *King Lane v. Wyeth*, PTO 3857 (Aug. 12, 2004). Furthermore, many Physician Defendants have filed their own motions to dismiss in these cases.  Physician Defendant information for each particular case is identified in Column E of Appendix 1.

[2] Although some of these Plaintiffs claim to have taken the diet drugs after September 1997, Plaintiffs could not have been prescribed the drugs after that date.

In other diet drug cases filed against Wyeth, Plaintiffs' counsel has argued that the statute of limitations defense does not provide a basis for removal for three reasons. First, Plaintiffs' counsel has argued that the Open Courts doctrine has effectively tolled the statute of limitations in their cases. Second, Plaintiffs' counsel has pled in their petitions that the doctrine of fraudulent concealment has effectively tolled the statute of limitations in their cases. Finally, Plaintiffs' counsel has argued that plaintiffs have asserted causes of action against their physicians that are not barred by the two-year statute of limitations applicable to medical negligence claims.[3] This Court has rejected all of these arguments before. *See Abner*, PTO 3746 (Jul. 21, 2004).

## 2. *Plaintiffs cannot rely upon the Open Courts provision.*

In an attempt to circumvent the time-bar on their claims, Plaintiffs in other cases have attempted to invoke the "discovery rule." They argue that they are protected from the limitations period until they have had a "reasonable opportunity" to discover the nature of their injuries and bring suit. Unlike nearly every other jurisdiction in the United States, however, Texas does not apply the so-called "discovery rule" to the medical malpractice limitations period set out in Article 4590i. *Diaz v. Westphal*, 941 S.W.2d 96, 99 (Tex. 1997).

Instead, the Texas medical malpractice statute imposes an absolute two-year limitations bar, subject only to the "Open Courts" exception under the Texas Constitution. The "Open Courts" exception "is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an

---

[3] By failing to raise these arguments through a motion to remand, Plaintiffs have waived them. *See, e.g.*, *Gass v. Virgin Islands Tel. Corp.*, 311 F.3d 237,  246 (3rd Cir. 2002) (it is well established that failure to

*impossible* condition." *Diaz*, 941 S.W.2d at 100 (emphasis added) (citations omitted). Unlike the "reasonable" standard typically applied to the "discovery rule," the Open Courts exception applies "*only if it would be impossible or exceedingly difficult to discover the injury*" *within the limitations period. O'Reilly v. Wiseman*, 107 S.W.3d 699, 707 (Tex. App.—Austin 2003, pet. denied) (emphasis added); *see also Rubalcaba v. Kaestner,* 981 S.W.2d 369 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The Open Courts provision is therefore not simply the discovery rule under a different name — *i.e.*, it is not enough for plaintiffs to show that it was "reasonable" for them not to discover their alleged injuries within limitations (a showing Plaintiffs could not make anyway).

The only evidence before this Court demonstrates that the Open Courts doctrine is inapplicable here, based upon the repeated findings of this Court and the Texas courts that: (1) the injuries complained of are not "latent"; (2) the massive publicity should have and did put Plaintiffs on notice of the possibility of their injuries; and (3) Plaintiffs have offered no evidence to demonstrate that it was impossible or exceedingly difficult to discover their injuries.

---

raise an issue in the district court constitutes a waiver of the argument). Wyeth addresses the arguments here, however, in an abundance of caution.

      a.      Plaintiffs are collaterally estopped from asserting
               that their alleged injuries are latent.

The heart-valve injuries allegedly attributable to Wyeth's drugs are not latent but

occurred at the time or shortly after use of the drugs. The Court's recent opinion in

*Alexander* is conclusive of this issue. There, the Court confronted another set of Class

Members urging that their alleged valve injuries were "latent." The Court squarely held

that Judge Bechtle's findings to the contrary, made in the course of approving the

Nationwide Class Action Settlement, collaterally estopped Plaintiffs from raising this

argument:

> Here, the plaintiffs are class members and were thus parties to the
> Settlement Agreement. The issue of latency was actually litigated in the
> fairness hearing and is the same issue that the plaintiffs are now raising to
> defeat the bar of the statute of limitations. Judge Bechtle's determination
> of no latency, that is that class members' injuries occurred within a short
> time after ingesting fen-phen, was an essential finding, for it directly
> affected the adequacy of class representation. *See* PTO No. 1415 at 104–
> 08. Finally, PTO No. 1415, in which Judge Bechtle approved the
> Settlement Agreement, is a final and valid judgment, upheld on appeal.
> Thus, plaintiffs are collaterally estopped from relitigating the issue of
> latency through the affidavits of [their experts].

*Alexander* (PTO 3230), at 14–15; *see also Accadia, et al.*, (PTO 3666), at 24 (Jun. 29,

2004) ("plaintiffs are collaterally estopped from relitigating the issue of latency");

*French* (PTO 3281), at 12–13 (Feb. 19, 2004) (same); *Ferrell* (PTO 2996), at 7–8 (Sept.

5, 2003) ("there is no latency period between ingestion of Pondimin and any injury,

plaintiffs' injury at the latest commenced, and thus the limitations period began to run,

shortly after the diet drugs were pulled from the market in September, 1997"); *Rainey*

(PTO 2886), at 7 (June 12, 2003) ("Since there is no latency period between ingestion of

Pondimin and any injury, plaintiff's injury at the latest commenced, and thus the

limitations period began to run, shortly after Pondimin went off the market in late 1997.")

(footnote omitted); PTO 1415, 2000 WL 1222042, at *46 (Aug. 28, 2000) ("These [valvular] lesions are not latent. If they are going to occur, they are going to occur during drug use (or shortly thereafter) and be demonstrable on echocardiogram."). Plaintiffs likewise are collaterally estopped here from claiming that their alleged injuries were latent.

b.     Overwhelming publicity put Plaintiffs on notice to see their doctors.

This Court repeatedly has held that the publicity surrounding the withdrawal of the diet drugs from the market as well as the publicity associated with the Class Notice was more than sufficient to trigger a duty to inquire, even under a less stringent "discovery rule" standard:

- "In light of the excessive publicity surrounding the withdrawal of the diet drugs, plaintiffs, through the exercise of reasonable diligence, should have discovered their alleged injuries by the end of March, 2000, at the latest." *Accadia, et al.*, (PTO 3666), at 25 (Jun. 29, 2004).

- "In light of this massive publicity, plaintiffs, if they had acted with reasonable diligence, should have had knowledge of their alleged injuries by the end of March, 2000." *Jamison* (PTO 3339), at 6–7 (Mar. 5, 2004).

- "In light of the massive publicity concerning the health risks associated with the use of diet drugs [and] the comprehensive notice program associated with the settlement, . . . we find that plaintiffs, through the exercise of reasonable diligence, should have discovered their alleged injuries at the very latest by the end of March, 2000." *French* (PTO 3281), at 13.

- "In light of the massive publicity concerning the health risks associated with the use of Pondimin, we find that plaintiff was on inquiry notice and should have discovered [her doctor's] alleged fraud at the very latest by early Spring, 2000." *Ferrell* (PTO 2996), at 17.

- "[T]here was massive publicity from 1997 through the Spring of 2000 concerning Wyeth's diet drugs and their connection to valvular heart disease. Certainly plaintiff should have known about her injury no later than the Spring of 2000." *Wilson* (PTO 3000), at 2.

- "There has been an unprecedented amount of notice associated with the fen-phen class action settlement *such that these class members cannot legitimately assert that they were unaware of the dangers that the diet drugs posed.*" MDL-1203 PTO 2677, at 13 (denying Class Members' cross-motion to extend the Screening Program) (emphasis added).

Not only could Plaintiffs have detected their alleged injuries through echocardiograms within the two-year limitations period, but they were also on inquiry notice to do so. The Plaintiffs who allege they live in Harris, Brazoria, Galveston, and other nearby Texas counties are within the Houston, Texas media market. The Plaintiffs who allege they live in Bexar and other nearby Texas counties are within the San Antonio, Texas media market. All of the other Plaintiffs, identified in Column C of Appendix 1, lived within the Dallas/Fort Worth media market. Wyeth attached to its Notices of Removal evidence of the unprecedented publicity, appropriate to each Plaintiff's geographic area, about diet drugs and heart problems. *See* Exhibits B-1, B-2, and B-3 to this Memorandum (specifically, numerical exhibits submitted with Notices of Removal). This evidence amply demonstrates that no diet drug user can reasonably assert she was unaware of the link between diet drugs and asymptomatic heart problems. This publicity gave Plaintiffs every piece of information they needed to discover their alleged injuries well within limitations: (1) that diet drugs had been linked to heart valve problems; (2) that such problems could be asymptomatic; and (3) that such problems could be detected through a simple, non-invasive test.

Time after time, articles, newscasts, and other public sources reported and "warned" that diet drugs were "linked" to injury, or "associated" with injury, or caused "risks" of injury. (*See* Exhibits B-1, B-2, and B-3). This publicity was sufficient to alert any reasonable person to the reported link between the two. Moreover, articles,

television programs, and publications stressed that the diet-drug-associated valve injury could be asymptomatic, and explained the warnings and advice to former drug users to seek a medical evaluation, even if they had no symptoms.

In the Houston area:

- On KHOU-TV (CBS) 11 News at Five, co-anchor Steve Smith started the broadcast with the following report: "Millions of dieters will have to find a new way to fight those extra pounds. Two popular diet pills are being pulled off the market. . . . The Food and Drug Administration is urging millions of dieters to stop taking fenfluramine and Redux. They have been linked to potentially serious heart problems."[4]

- Live at Five, the local ABC affiliate, started their broadcast with the following: "They were once hailed as wonder drugs, but now they're being labeled dangerous. This evening the manufacturer of a couple of popular diet drugs are yanking their products off the shelf. . . . A move to remove the diet drugs Redux and fen-phen comes on the heels of new evidence that links them to heart disease."[5]

- The NBC station began the story as follows: "Two of the country's most popular diet drugs are pulled from the shelves. Millions lost weight with them; now they're asked to stop taking them. New evidence shows they could seriously damage the heart – a diet drug danger that could be deadly."[6]

- The Houston Chronicle carried the story on the front page on September 16, 1997: "FDA withdraws two diet drugs" was the headline of the story. The sub-heading was "Redux and portion of fen-phen linked to damage of heart valves."[7]

- The story was also carried on the radio waves in Houston. For example, KPRC-AM's AM Drive News reported: "In our national news this morning, obesity

[4] *11 News at Five* (KHOU-TV (CBS) television broadcast, September 15, 1997), attached as Exhibit 17 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

[5] *Live at Five* ((KTRK-TV (ABC) television broadcast, September 15, 1997), attached as Exhibit 18 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

[6] *News 2 Houston at Five* (KPRC-TV (NBC) television broadcast, September 15, 1997), transcript attached as Exhibit 19 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

[7] Brigid Schulte, *FDA Withdraws Two Diet Drugs*, Houston Chronicle, September 16, 1997, at 1A, attached as Exhibit 20 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

experts say there's going to be a lot of desperate people now that popular diet drugs have been taken off the market. Both Redux and one of the drugs making up what's popularly known as fen-phen have been pulled because of new evidence linking them to potentially serious heart problems."[8]

- On September 21, 1997, an ad in the Houston Chronicle run by a plaintiff's attorney contained very specific information, which, although only partially accurate, warned potential plaintiffs: "Recently the FDA recalled diet drugs Pondimin (fenfluramine) & Redux (dexfenfluramine.) It has been determined that these drugs may cause serious injuries and even death. A Mayo Clinic study indicates that about 30% of the patients who were evaluated had abnormal echocardiograms, even though they had no symptoms."[9]

- Another ad was equally alarming and attention-grabbing, with a large heading stating "ATTENTION FEN-PHEN & REDUX PATIENTS." The ad continued: "Medical experts have reported LIFE THREATENING problems resulting from the use of these diet pills. Fenfluramine (Pondimin) and Redux have been withdrawn from the market by the F.D.A. If you have taken these diet pills, you should see your doctor immediately."[10]

The publicity in the Dallas/Ft. Worth area was equally thorough and pervasive:

- Channel 11 News at Six in Dallas reported that "The makers of Redux and one half of the Phen/Fen combination are banning their sales because of concerns that they can cause serious heart damage. ... The FDA recommends that you stop taking the drug and contact your doctor."[11]

- Dallas television news program Fox 4 News opened its show with the story: "A dire warning, tonight, of a popular diet pill that millions of Americans use to lose weight. Good evening everyone. Federal Health authorities are warning dieters

---

[8] *AM Drive News* (KPRC-AM radio broadcast, September 16, 1997), transcript attached as Exhibit 21 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

[9] *Fen-Phen Redux* (newspaper ad by David P. Willis), Houston Chronicle, September 21, 1997, attached as Exhibit 23 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

[10] *Attention Fen-Phen & Redux Patients* (newspaper ad by Leebron & Robinson, P.C.), Houston Chronicle, September 21, 1997, attached as Exhibit 24 to Notices of Removal in the Houston publicity area and Exhibit B-1 to this Memorandum.

[11] *11 News at Six* (KTVT-TV (CBS) television broadcast), September 15, 1997, transcript attached as Exhibit 17 to Notices of Removal in the Dallas/Ft. Worth publicity area and Exhibit B-2 to this Memorandum.

about two drugs tonight, and their makers are pulling them from pharmacy shelves."[12]

- The Dallas NBC affiliate also covered the story on their Texas News 5 @ Five show: "The FDA has pulled some prescription diet drugs off the market after more studies show they can seriously damage your heart."[13]

- The Dallas Morning News covered the withdrawal in a front-page story with the headline, "Diet Drugs Taken Off Market."[14]   The article reported that the drugs "have been withdrawn from the market after reports that they may cause heart valve damage.   Patients should stop taking the medications immediately and consult with their doctors."[15]

- The Dallas Morning News ran frequent ads from plaintiffs' lawyers, including one with the following message: "Have you taken PHEN-FEN weight loss or diet control pills?   If so, you may have suffered significant injuries that you are not currently aware of."[16]

- An advertisement by Attorney Gene Burd had a headline of "Have You Taken Fen-Phen?   Redux?" followed by this message: "The United States Food and Drug Administration has recalled diet drugs Pondimin (fenfluramine) used in Fen-Phen and Redux (dexfenfluramine).   Research has shown that these drugs may cause serious injury or DEATH.   A Mayo Clinic study found that 30% of patients had abnormal echocardiograms, EVEN THOUGH THEY HAD NO OBVIOUS SYMPTOMS."[17]

So was the publicity in the San Antonio area.  For example:

---

[12] *Fox 4 News* (KDFW-TV (Fox) television broadcast), September 15, 1997, transcript attached as Exhibit 18 to Notices of Removal in the Dallas/Ft. Worth publicity area and Exhibit B-2 to this Memorandum.

[13] *Texas News 5 @ Five* (KXAS-TV (NBC) television broadcast), September 15, 1997, transcript attached as Exhibit 19 to Notices of Removal in the Dallas/Ft. Worth publicity area and Exhibit B-2 to this Memorandum.

[14] Sue Goetinck, *Diet Drugs Taken Off Market*, Dallas Morning News, September 16, 1997 at Exhibit 23 to Notices of Removal in the Dallas/Ft. Worth publicity area and Exhibit B-2 to this Memorandum.

[15] *Id.*

[16] *Have you taken Phen-fen?* (newspaper ad by Keith M. Jensen), Dallas Morning News, October 10, 12, and 19, 1997, and December 20, 1997, attached as Exhibit 24 to Notices of Removal in the Dallas/Ft. Worth publicity area and Exhibit B-2 to this Memorandum.

[17] *Have You Taken Fen-Phen?  Redux?* (newspaper ad by Attorney Gene Burd), Dallas Morning News, October 12, 22, 26 and 27, 1997; November 2, 10, 16, 17 and 30, 1997; January 18 and 19, 1998, all attached as Exhibit 26 to Notices of Removal in the Dallas/Ft. Worth publicity area and Exhibit B-2 to this Memorandum.

- KSAT 12 News in San Antonio reported that "The two companies that make Redux and Pondimin have agreed to follow an FDA recommendation to recall those drugs. This follows reports from the Mayo Clinic that the two drugs are linked to serious heart damage. . . . The FDA recommends that anyone now using Redux, chemically known as dexfenfluramine, or Pondimin, generic name fenfluramine, stop taking the drug and contact their doctors."[18]

- The local CBS affiliate covered the story on their Eyewitness News program: "A warning now for anyone taking fen-phen or Redux. The so-called miracle diet pills were pulled off the market because of side effects. . . . Doctors tell us if you're taking either one of these to stop and contact them immediately."[19]

- The San Antonio Express-News carried the story in a front-page article with the headline, "2 Diet Drugs Pulled Off Market." The article reported: "Two of the nation's most popular diet drugs were yanked from the market Monday after the government uncovered disturbing new evidence that they could seriously damage patients' hearts. The Food and Drug Administration urged millions of dieters to immediately stop taking Redux, also known as dexfenfluramine, and Pondimin, also known as fenfluramine."[20]

- The local morning news show *Sunrise San Antonio* warned that the "Government is advising anyone who has taken Phen-Fen for any amount of time to get checked out by a doctor."[21]

- The San Antonio Express News carried an article with a very simple and direct headline, "Fen-Phen Users Told To See A Doctor." The article stated: "Dieters who have used fen-phen or Redux for any amount of time should see their doctor and get a physical exam, even if they feel fine."[22]

- An advertisement by Attorney Gene Burd had a headline of "Have You Taken Fen-Phen? Redux?" followed by this message: "The United States Food and Drug Administration has recalled diet drugs Pondimin (fenfluramine) used in Fen-

---

[18]   *KSAT 12 News* (KSAT-TV (ABC) television broadcast, September 15, 1997), transcript attached as Exhibit 17 to Notices of Removal in the San Antonio area and Exhibit B-3 to this Memorandum.

[19]   *Eyewitness News* (KENS-TV (CBS) television broadcast, September 15, 1997), transcript attached as Exhibit 18 to Notices of Removal in the San Antonio area and Exhibit B-3 to this Memorandum.

[20]   Lauran Neergaard (AP), *2 Diet Drugs Pulled Off Market*, San Antonio Express-News, September 16, 1997 at A1, attached as Exhibit 22 to Notices of Removal in the San Antonio area and Exhibit B-3 to this Memorandum.

[21]   *Sunrise San Antonio*, (KENS-TV (CBS) television broadcast, November 14, 1997), transcript attached as Exhibit 38 to Notices of Removal in the San Antonio area and Exhibit B-3 to this Memorandum.

[22]   Tara Meyer (AP), *Fen-Phen Users Told To See A Doctor*, San Antonio Express-News, November 14, 1997, attached as Exhibit 37 to Notices of Removal in the San Antonio area and Exhibit B-3 to this Memorandum.

Phen and Redux (dexfenfluramine). Research has shown that these drugs may cause serious injury or DEATH. A Mayo Clinic study found that 30% of patients had abnormal echocardiograms, EVEN THOUGH THEY HAD NO OBVIOUS SYMPTOMS."[23]

Even if the mass of public information available before September 1999 did not put Plaintiffs on notice of their claims, they should have been on notice no later than March 2000, by which time a massive media campaign had been conducted in conjunction with the Nationwide Class Action Settlement. This campaign included:

- Television advertisements appearing 106 times on network television and 781 times on cable networks.

- Full-page advertisements in twelve national magazines.

- Summaries of the settlement published in publications targeted to healthcare providers and pharmacists.

- Banner advertisements appearing on numerous internet sites.

- Information distributed to 108,227 pharmacists and 784,128 doctors likely to have prescribed or provided these drugs, including "counter cards" to make the information available to former diet drug users.

- A website, which, by May 2, 2000 had 1,485,371 "page views."

*In re Diet Drugs*, 2000 WL 1222042, at *35-36.

The overwhelming majority of Texas federal courts, interpreting Texas law, have found that the publicity campaign was sufficient to put prospective Texas plaintiffs on notice. *See Gentry v. Wyeth*, No. 5:04-CV-99 (E.D. Tex. Order dated Jun. 4, 2004) (declining to follow *Bice*, noting this Court's and numerous Texas federal courts'

---

[23] *Have You Taken Fen-Phen, Redux?* (newspaper ad by Gene Burd), San Antonio Express-News, October 27, 1997, attached as Exhibit 26 to Notices of Removal in the San Antonio area and Exhibit B-3 to this Memorandum.

conclusion that publicity was sufficient to place diet drug users on notice under state limitations periods), attached to this Memorandum as Exhibit F-12.

In *Cantrell*, the Chief Judge for the United States District Court for the Northern District of Texas held that the Open Courts exception to the limitations bar did not apply because the plaintiff, "in the exercise of reasonable diligence, should have known more than two years before she filed this suit that the diet drugs about which she complains in this case had been linked to heart valve problems" and that "[t]he extensive media coverage surrounding the diet drugs starting in September 1997 is more than sufficient to impute knowledge to" the plaintiff. *Cantrell v. Wyeth*, No. 3:03-CV-1659, at 9–10 (N.D. Tex. Sept. 19, 2003), attached to this Memorandum as Exhibit F-1.

The Honorable Walter S. Smith, Jr., United States District Judge for the Western District of Texas, applying Texas law, denied a motion to remand in virtually identical circumstances, recognizing that the Texas plaintiff was charged with notice of her claim by the publicity surrounding the withdrawal of Pondimin and Redux:

> The prescription drugs central to this case were removed from the market in 1997; therefore, at the latest, Plaintiff's claim began to run in 1997 and expired in 1999. Plaintiff has identified no duty under Texas law for [her prescribing physician] to seek her out after more than six years to advise her to seek treatment. *Additionally, Plaintiff was also on notice of the dangers associated with the diet drugs due to the expansive publicity regarding their removal from the market.*

*Spence v. Wyeth*, No. W-03-CA-127, at 3 (W.D. Tex. July 16, 2003) (emphasis added) (Exhibit F-2); *see also Garrett v. Wyeth*, No. W-03-CA-219 (W.D. Tex. Sept. 12, 2003) (Smith, J.) (same) (Exhibit F-3); *Coleman v. Wyeth*, No. W-03-CA-201 (W.D. Tex. Sept. 12, 2003) (Smith, J.) (same) (Exhibit F-4); *Holder v. Wyeth*, No. W-03-CA-205 (W.D. Tex. Sept. 10, 2003) (Smith, J.) (same) (Exhibit F-5).

United States District Judge Keith P. Ellison of the United States District Court for the Southern District of Texas, denied the plaintiff's motion to remand in a virtually identical case, specifically finding that the extensive publicity gave the Texas plaintiff ample opportunity to discover her injury within the limitations period:

> Given the extent of the publicity surrounding fen-phen diet drugs, and given the stringent standard set by the Texas legislature and Texas courts, Ms. Bejarano had ample opportunity to reasonably discover her injury. She has not shown that it was "impossible" or "exceedingly difficult."[24]

*Bejarano v. Wyeth*, No. L-03-53, at 12 (S.D. Tex. June 27, 2003) (Exhibit F-6).

United States District Judge Sam Sparks of the Austin Division of the Western District of Texas also held:

> Wyeth's evidence indicates a reasonably diligent plaintiff should have learned facts about the risks to fen-phen users of heart valve problems, as well as facts about the lack of noticeable symptoms of such problems, long before December 31, 2000 (two years before McCurdy filed her lawsuit). Upon learning these facts, a reasonable plaintiff would have heeded the warnings and visited her physician.

*McCurdy v. Wyeth*, No. A-03-CA-054-SS, at 6–7 (W.D Tex. Feb. 14, 2003) (Exhibit F-7). As of May 4, 2004, Texas federal courts had denied remand in at least 170 diet-drug cases involving non-diverse doctors. A list of these orders is attached as Exhibit G. By contrast, only a handful of courts had granted remand in such cases. *E.g.*, *Young v. Wyeth*, No. 3:03-CV-1176-P (N.D. Tex. Sept. 8, 2003) (Exhibit F-9); *Bradford*

---

[24]    Courts have held that extensive publicity put potential plaintiffs on notice of their claims in non-diet drug cases as well. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 404 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999) (holding that plaintiff's claim was barred by statute of limitations because extensive media coverage of Agent Orange "should have put [plaintiff] on notice" of the need to investigate her claim); *United Klans of Am. v. McGovern*, 621 F.2d 152, 154 (5th Cir. 1980); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000); *Stutz Motor Car of Am., Inc. v. Reebok Int'l., Ltd.*, 909 F. Supp. 1353 (C.D. Cal. 1995); *Winters v. Diamond Shamrock Chem. Co.*, 941 F. Supp. 617, 619–20 (E.D. Tex. 1996); *Blanton v. Cooper Indus., Inc.*, 99 F. Supp. 2d 797, 802–803 (E.D. Ky. 2000); *Carey v. Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1116 (N.D. Ill. 1998); and *Hoskins v. United States*, Case No. CIV-A-00-1713, 2001 WL 175237, at *2 (E.D. La. Feb. 20, 2001).